Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CALVIN J. KELLEY**, | ) |
| Petitioner, | ) Case No. 7:05CV00753 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Calvin J. Kelly, Pro Se.*

Calvin J. Kelly, a federal inmate proceeding pro se, brought this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). The court notified Kelly that his motion appeared to be untimely and granted him an opportunity to make any additional arguments on the issue of timeliness. Kelly has submitted additional arguments and a motion to deem the action timely filed. After careful consideration of his new submissions and the record, however, I find that the § 2255 motion must be dismissed as untimely filed.[1]

---

[1] Kelly has also filed a motion for appointment of counsel and a motion to proceed in forma pauperis. Because I find that his § 2255 motion is untimely filed, I will dismiss all other motions as moot.

A jury returned a verdict against Kelly on June 11, 1993, finding him guilty of soliciting another to commit bank robbery and possession of a firearm by a convicted felon. On February 17, 1994, he was sentenced to a total of 300 months imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence on March 3, 1995. *United States v. Kelly*, No. 94-5164, 1995 WL 86427 (4th Cir. 1995) (unpublished). The United States Supreme Court denied his petition for a writ of certiorari on October 2, 1995. *Kelly v. United States*, 516 U.S. 840 (1995). The present motion under § 2255 was signed by the petitioner on November 30, 2005. In the motion, it is contended that Kelly's sentence was wrongfully enhanced by twenty years after the court found that his prior convictions qualified him as an armed career criminal, pursuant to 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005).

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the

- 2 -

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

III

It is clear from court records that Kelly did not file his § 2255 motion within his one year filing period under § 2266 para. 6(1). Kelly's conviction became final on October 3, 1995, when the Supreme Court denied his petition for a writ of certiorari. *United States v. Clay*, 537 U.S. 522, 525 (2003). Inmates whose convictions became final before April 24, 1996, the date on which Congress amended

§ 2255 to include a one-year filing period, had until April 24, 1997, to file a timely § 2255 motion. *Johnson v. United States*, 325 F.3d 205, 207 (4th Cir. 2003). Kelly signed and dated the cover letter to his § 2255 motion on November 30, 2005. Even assuming that Kelly delivered his motion to prison authorities for mailing on that date, *see Houston v. Lack*, 487 U.S. 266 (1988) (prisoner pleadings considered filed on date petition was delivered to prison authorities for mailing), it is clear that Kelly did not file the motion by April 24, 1997. Thus, it is untimely under § 2255 para. 6(1).

Kelly asserts that the court should deem his § 2255 motion timely filed and resentence him because the United States Supreme Court ruled in 2005 that "enhancements for Armed Career Criminal can no longer stand and must be struck down." He does not cite any specific case in support of his position.

I do not find any decision by the Supreme Court that requires this court at this late date to revisit Kelly's sentence under the Armed Career Criminal provision, § 924(e). On the contrary, in a recent decision, the Supreme Court upheld the validity of the § 924(e) enhancements, based solely on the defendant's prior criminal record. *See Shepherd v. United States*, 125 U.S. 1254, 1263 (2005) (holding that prior criminal offense to which defendant pled guilty could count as predicate offense under § 924(e) if the federal sentencing court determined from judicial records that

prior offense included the elements required under § 924(e)(2)(B)). Kelly fails to present any ground upon which his present motion might be deemed timely filed under § 2255 or upon which he is entitled to equitable tolling of the filing period. Accordingly, I will summarily dismiss the case as untimely filed.

A separate Final Order will be entered herewith.

ENTER: January 9, 2006

/s/ JAMES P. JONES
Chief United States District Judge